UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICCUT

ERIC FORD                                     JURY TRIAL DEMANDED
    Plaintiff

v.

RUSHFORD CENTER
    Defendant

## COMPLAINT

I. **JURISDICTION**

1. The jurisdiction of this court is invoked pursuant to Title 28 U. S. C. §§1331, 1343 (a) (3) and (a) (4), 2201. Jurisdiction of this court is further invoked pursuant to Title 42 U. S. C. §1981 and 1988.

II. **VENUE**

2. Venue is proper in this court inasmuch as the acts alleged herein occurred within the State of Connecticut.

III. **STATEMENT OF FACTS**

3. Plaintiff is Eric Ford, who at all relevant times mentioned herein, has resided in the State of Connecticut.

4. Plaintiff is an African-American male who began his employment with Defendant on or about 2013.

5. Defendant Rushford Center is a behavioral healthcare provider with multiple locations within the State of Connecticut.

1

6. Plaintiff was employed as a counselor assistant and held multiple positions within the organization and at multiple locations.

7. Plaintiff's last work location was at the 1250 Silver Street in Middletown, CT which provided in-patient treatment and care for patients recovering from substance abuse and addiction. He previously worked at the Stone Haven location.

8. During his employment Plaintiff and other employees called clients from the facility and received calls from clients on a regular basis.

9. In fact clients regularly called into the facilities to check in.

10. Employees routinely called residents in order to gather data for presentation in meetings about success and non-success rates during H3W meetings (also known as morning huddles).

11. On August 11, 2017 Plaintiff was accused of telephoning a resident who had been discharged from the program.

12. The former resident had indeed called the facility twice to speak with Plaintiff.

13. On August 13, 2017 Defendant placed Plaintiff on suspension for the alleged improper communication with the former resident.

14. On August 16, 2017 Defendant terminated the employment of Plaintiff for the purported reason that he had violated the staff relations policy.

15. Plaintiff at all times denied having a relationship, other than professional, or improperly communicating with the resident in question.

16. Defendant has engaged in racially disparate treatment in application of its policy regarding contact between staff and former clients.

17. A Caucasian female secretary whose name is Jenn Melardo was involved in a romantic relationship with a client whose name was J. K. (also Caucasian). Only initials are presented in order to preserve the confidentiality of the client.

18. Melardo allowed the client, J. K., to live with her.

19. Management was well aware of this relationship and the fact that the two were living together because Plaintiff had a specific conversation about this matter with the Manager of the Detox Unit, Chris Ferrante.

20. When it was learned that the client would be returning to the program, Ferrante spoke to Plaintiff and other staff to instruct us them that they were not to mention the relationship between the client and Melardo or entertain any questions about it. Everyone at the facility was well aware of the relationship between Melardo and J. K.

21. Another supervisor, Ben Moham, who was over the ITP Men and Women and over the clinical staff, also stated to Plaintiff that the staff were not to mention anything about the romantic relationship between Melardo and J.K.

22. This matter, including the manager and supervisor discussions about it, between Melardo and J. J. occurred approximately three months before Plaintiff was terminated.

23. As of the time of his termination, and to date, Melardo has not been terminated.

24. Another employee, Ann Kmetz, Caucasian female, telephoned a resident and was not terminated for doing so.

25 Plaintiff filed an administrative complaint alleging racial discrimination with the Commission on Human Rights and Opportunities and the Equal Employment Opportunity Commission.  He was issued a right to sue notice on February 28, 2018.  Plaintiff has thus exhausted all administrative requirements prior to filing this suit.

**COUNT ONE:** **PURSUANT TO TITLE VII OF THE CIVL RIGHTS OF 1964, AS AMENDED (Racial Discrimination)**

1-25. Paragraphs 1 -25 above are hereby incorporated by reference and made paragraphs 1 -25 of this Count One.

26. The conduct alleged in paragraphs 1 – 25 amounted to discrimination against Plaintiff due to his race.

27. Plaintiff has been damaged thereby.

**COUNT TWO:** **PURSUANT TO 42 U.S.C. § 1981 (Racial Discrimination)**

1-25 Paragraphs 1 -25 above are hereby incorporated by reference and made paragraphs 1 -25 of this Count Two.

26. The conduct alleged in paragraphs 1 – 25 amounted to discrimination against Plaintiff due to his race.

27. Plaintiff has been damaged thereby.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. Declaratory relief;

2. Compensatory damages;

3. Costs of suit herein incurred;

4. Attorney's Fees; and

5. For such other and further relief as the court deems proper.

                        FOR THE PLAINTIFF
                        BY: _/s/Josephine S. Miller_
                        Josephine S. Miller, Fed Bar # ct27039
                        152 Deer Hill Avenue, Suite 302
                        Danbury, CT 06810
                        Tel:  (203) 512-2795
                        Fax: (203) 702-5188
                        Email: jmillerlaw@sbcglobal.net